IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA GAHAGAN, *individually and on behalf of those similarly situated*, : : : Plaintiff, : : v. : : PENN ABSTRACT & LAND : SERVICES, LLC, *et al.*, : : Defendants. : | Civil No. 1:24-CV-01921 Judge Jennifer P. Wilson |

# MEMORANDUM

This class action lawsuit concerns fees charged for notary services. Plaintiff, Melissa Gahagan ("Gahagan"), individually and on behalf of a putative class of plaintiffs, alleges that Defendants charged fees for notary services that exceeded the maximum amount allowable under Pennsylvania law. Presently before the court is Defendants' motion to dismiss. For the reasons that follow, the court will grant Defendants' motion.

## BACKGROUND

**A. Statutory Framework**

Pennsylvania has adopted the Revised Uniform Law on Notarial Acts ("RULONA"). *See* 57 Pa. Con. Stat. §§ 300–331. That law empowers Pennsylvania's Department of State ("Department") to fix "[t]he fees of notaries public . . . by regulation." *Id.* § 329.1(a). Notaries public "may not charge or

1

receive a notary public fee in excess of the fee fixed by the [D]epartment." *Id.* § 329.1(b). Pursuant to the relevant regulation, the maximum fee that a notary public may charge for "[e]xecuting affidavits (no matter how many signatures)" is five dollars per affidavit. 4 Pa. Code § 161.1. The maximum fee for "[e]xecuting acknowledgements" is five dollars per acknowledgment plus two dollars for each additional name on the acknowledgement. *Id.*

### B. Factual Background and Procedural Posture

In November 2022, Gahagan refinanced her residential real estate in Lebanon, Pennsylvania. (Doc. 1, ¶ 18.) As part of this process, Gahagan signed a mortgage and a signature affidavit. (*See id.* ¶ 20.) Defendant Wendi Donmoyer works for Defendant Penn Abstract & Land Services LLC (d/b/a "Lebanon Land Transfer") and is the notary public who notarized Gahagan's signature on the mortgage and signature affidavit.[1] (*See id.* ¶ 18, 23.) The Closing Disclosure that Lebanon Land Transfer issued to Gahagan stated that it charged Gahagan a fee of $40.00 for these notary services. (*Id.* ¶ 18.) Gahagan alleges that she "paid the $40.00 notary fee without objection." (*Id.* ¶ 33.)

Gahagan then filed a class action complaint against Defendants on November 7, 2024. Gahagan alleges that Defendants are liable for unjust

---

[1] Plaintiff also names Lebanon Land Transfer's President, David Carlino, as a defendant (collectively with Donmoyer and Lebanon Land Trust, "Defendants").

2

enrichment and violating Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). (*Id.* ¶¶ 64–80.) On January 17, 2025, Defendants filed a motion to dismiss Gahagan's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), along with a brief in support. (Docs. 13 & 14.) Gahagan responded in opposition on February 7, 2025. (Doc. 17.) Defendants then timely filed a reply brief. (Doc. 25.) The instant motion is now ripe for review.

## JURISDICTION

The court has subject matter jurisdiction over this class action lawsuit pursuant to 28 U.S.C. § 1332(d). Venue properly lies in this court pursuant to 28 U.S.C. § 1391.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint

survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds as recognized in Mack v. Yost*, 968 F.3d 311, 319 n. 7 (3rd Cir. 2020).

## DISCUSSION

### A. UTPCPL Claim

Defendants argue that Gahagan has failed to state a UTPCPL claim for several reasons. They contend that a UTPCPL claim can only arise from a violation of a state statute, like the RULONA, when the statute "expressly provides for that kind of enforcement." (Doc. 14, p. 15.) According to Defendants, RULONA does not so provide; thus, "the UTPCPL does not provide an automatic cause of action for violati[ng] RULONA." (*Id.*) Defendants separately argue that Gahagan has failed to plead adequately several of the elements of a UTPCPL claim. (*Id.* at 16–19.) Specifically, Defendants insist that Gahagan did not allege (1) that she suffered an ascertainable loss of money or property; (2) that a loss occurred due to conduct proscribed by the UTPCPL; and (3) that she justifiably relied on Defendants. *See generally Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 646 (Pa. 2021) (detailing four elements of a UTPCPL claim).

4

Gahagan does not respond to any of Defendants' arguments. In fact, Gahagan entirely fails to proffer *any* argument as to why her UTPCPL claim should proceed. It is axiomatic that "[a] brief in opposition to a motion to dismiss that fails to respond to a substantive argument to dismiss a particular claim results in the waiver or abandonment of that claim." *Orange v. United States*, No. 1:23-CV-00393, 2024 WL 3939100, at *5 (M.D. Pa. Aug. 26, 2024); *accord In re Rite Aid Corp. Sec. Litig.*, No. 2:22-CV-04201, 2025 WL 968306, at *1 n.5 (E.D. Pa. Mar. 31, 2025); *Asaro v. Abernathy*, No. 3:23-CV-01576, 2025 WL 950851, at *7 (M.D. Pa. Mar. 28, 2025); *Wolfe v. City of Sunbury*, No. 4:24-CV-00251, 2024 WL 4989323, at *8 (M.D. Pa. Dec. 5, 2024); *Mathews v. Abington Heights Sch. Dist.*, No. 3:22-CV-00959, 2024 WL 711610, at *5 (M.D. Pa. Feb. 21, 2024). Accordingly, Gahagan's UTPCPL claim will fail as a result of her waiver.

### B. Unjust Enrichment Claim

Defendants also argue that Gahagan's unjust enrichment claim should be dismissed for failure to state a claim. Unjust enrichment may be pleaded "either as an alternative to breach of contract or as a companion to an underlying tort claim." *Ortiz v. Keystone Premier Settlement Servs., LLC*, No. 3:23-CV-01509, 2024 WL 3522036, at *6 (M.D. Pa. July 23, 2024). The first theory of unjust enrichment "sounds in quasi-contract or contract implied in law." *Roethlein v. Portnoff Law Assocs., Ltd.*, 81 A.3d 816, 825 n.8 (Pa. 2013). The tort-companion theory of

unjust enrichment "is essentially another way of stating a traditional tort claim (*i.e.*, if defendant is permitted to keep the benefit of his tortious conduct, he will be unjust enriched)." *Steamfitters Local Union No. 422 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 936 (3d Cir. 1999).

The quasi-contractual theory of unjust enrichment is "inapplicable when the relationship between parties is founded on a written agreement or express contract." *Schott v. Westinghouse Elec. Corp.*, 259 A.2d 443, 448 (Pa. 1969). The existence of a contract, however, will not bar recovery when an unjust enrichment claim is pleaded as a tort companion. *Ortiz*, 2024 WL 3522036, at *6.

Here, Gahagan's unjust enrichment claim is properly understood as a tort-companion claim, not an alternative to breach of contract. Gahagan alleges that she received notarial services and, in exchange, paid without objection the $40.00 notary fee that Defendants charged her for such services. (Doc. 1, ¶¶ 18, 20–21, 33.) There was plainly an express agreement between Gahagan and Defendants. Nothing in the complaint suggests that Gahagan paid Defendant's notary fee for any reason other than the express agreement between the parties. So, too, Gahagan makes no argument in her brief in opposition that her claim should be understood as an alternative to breach of contract. Instead, she argues that the basis for her unjust enrichment claims is Defendants' allegedly unlawful overcharge of notary fees. (Doc. 17, pp. 6–7.) In similar cases, courts have understood unjust

6

enrichment claims brought for overcharged notary fees as tort-companion claims. *See Seplow v. Closing Pro, Inc.*, 717 F. Supp. 3d 427, 435 (E.D. Pa. 2024) ("The facts that support a UTPCPL claim – deceptive overcharging for notary services – separately suffice as the basis for an unjust enrichment claim."); *See also Brannon v. Abstract Assocs. of Lancaster, Inc.*, No. 1:23-CV-01627, 2024 WL 3871752, at *3–4 (M.D. Pa. Aug. 19, 2024) (recognizing that unjust enrichment claim was premised on allegedly unlawful overcharge of notary fees); *Ortiz*, 2024 WL 3522036, at *6 (same).

Gahagan's waiver of her UTPCPL claim is fatal to her unjust-enrichment claim. "Where the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim." *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 493 (E.D. Pa. 2016). Indeed, "an unjust enrichment claim based on wrongful conduct cannot stand alone as a substitute for the failed tort claim." *Id.*; *accord Steamfitters*, 171 F.3d at 937 (affirming dismissal of unjust enrichment claim when "the District Court properly dismissed the traditional tort claims"). Thus, Gahagan's abandonment of her UTPCPL claim results in the failure of her unjust enrichment claim.[2]

---

[2] Since Gahagan in effect abandoned her claims, the court need not address the parties' arguments regarding the voluntary payment doctrine.

## CONCLUSION

For the reasons stated herein, the court will grant Defendants' motion to dismiss. The court will dismiss Gahagan's claims without prejudice.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 9, 2025