IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA GAHAGAN, *individually and on behalf of those similarly situated*, | : Civil No. 1:24-CV-01921 |
| Plaintiff, | : |
| v. | : |
| PENN ABSTRACT & LAND SERVICES, LLC, *et al.*, | : |
| Defendants. | : Judge Jennifer P. Wilson |

## MEMORANDUM

This lawsuit seeks to hold Defendants accountable for allegedly charging more for notarial services than what is permitted under Pennsylvania law. Specifically, Plaintiff, Melissa Gahagan ("Gahagan"), on behalf of herself and a putative class of individuals, seeks to recover actual damages caused by Defendants' alleged overcharging. Defendants move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This case presents an issue that has divided federal district courts in Pennsylvania: Does the voluntary payment doctrine bar a plaintiff from recovering overcharged notarial fees when that plaintiff was fully aware of what he or she was being charged, but mistaken as to whether the charges were lawful? This court finds that it does. Accordingly, the court will grant Defendants' motion to dismiss.

1

## BACKGROUND

### A. Statutory Framework

Pennsylvania has adopted the Revised Uniform Law on Notarial Acts ("RULONA"). *See* 57 Pa. Con. Stat. §§ 300–331. That law empowers Pennsylvania's Department of State ("Department") to fix "[t]he fees of notaries public . . . by regulation." *Id.* § 329.1(a). Notaries public "may not charge or receive a notary public fee in excess of the fee fixed by the [D]epartment." *Id.* § 329.1(b). Pursuant to the relevant regulation, the maximum fee that a notary public may charge for "[e]xecuting affidavits (no matter how many signatures)" is five dollars per affidavit. 4 Pa. Code § 161.1. The maximum fee for "[e]xecuting acknowledgements" is five dollars per acknowledgment plus two dollars for each additional name on the acknowledgement. *Id.*

### B. Facts

Gahagan's allegations in the amended complaint are substantially identical to those in her original complaint. (*Compare* Doc. 1, *with* Doc. 31.) In November 2022, Gahagan refinanced her residential real estate in Lebanon, Pennsylvania. (Doc. 1, ¶ 18.) As part of this process, Gahagan signed a mortgage and a signature affidavit. (*See id.* ¶ 20.) Defendant Wendi Donmoyer works for Defendant Penn Abstract & Land Services LLC (d/b/a "Lebanon Land Transfer") and is the notary public who notarized Gahagan's signature on the mortgage and signature

affidavit.[1]  (*See id.* ¶ 18, 23.)  The Closing Disclosure that Lebanon Land Transfer issued to Gahagan stated that it charged Gahagan a fee of $40 for these notary services.[2]  (*Id.* ¶ 18.)  Gahagan alleges that she "paid the $40 notary fee without objection." (*Id.* ¶ 33.)

### C. Procedural Posture

On November 7, 2024, Gahagan filed suit individually and on behalf of a putative class of plaintiffs.  (Doc. 1.)  The complaint alleged two claims, unjust enrichment and a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").  (*Id.* ¶¶ 64–80.)  On January 17, 2025, Defendants moved to dismiss the complaint for failure to state a claim.  (Doc. 13.)  The court granted that motion on June 9, 2025.  (Doc. 30.)  In doing so, the court dismissed Gahagan's claims without prejudice and permitted her to file an amended complaint.  (*Id.*)  She timely exercised her prerogative.  (Doc. 31.)  Gahagan's amended complaint brings forth the same two claims as her original complaint  (*Id.* ¶¶ 69–85.).  On August 13, 2025, Defendants filed the currently

---

[1] Gahagan also names Lebanon Land Transfer's President, David Carlino, as a defendant (collectively with Donmoyer and Lebanon Land Trust, "Defendants").

[2] Paragraph 18 of the amended complaint alleges that Gahagan was charged a $50 notary fee. Yet, every other paragraph that mentions the fee alleges it totaled $40. (*Id.* ¶¶ 26, 30, 33.) Moreover, Paragraph 18 of the original complaint alleged the fee was $40. (Doc. 1, ¶ 18.) Accordingly, the court interprets paragraph 18 of the amended complaint to mistakenly state the notary fee at issue was $50.

pending motion to dismiss.  (Doc. 34.)  That motion became fully briefed and ripe for adjudication on October 3, 2025.  (*See* Docs. 35, 38, 42.)

## JURISDICTION

The court has subject matter jurisdiction over this putative class action lawsuit pursuant to 28 U.S.C. § 1332(d).  Venue is proper pursuant to 28 U.S.C. § 1391(b).

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to

4

relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds as recognized in Mack v. Yost*, 968 F.3d 311, 319 n. 7 (3rd Cir. 2020).

## DISCUSSION

The voluntary payment doctrine is a long-recognized theory of estoppel. *Webster v. LLR, Inc.*, No. 2:17-cv-225, 2018 WL 10230741, at *3 (W.D. Pa. Aug. 20, 2018). Under this doctrine, "one who has voluntarily paid money with full knowledge, or means of knowledge of all the facts, without any fraud having been practiced upon him . . . cannot recover it back by reason of the payment having been made under a mistake or error as to the applicable rules of law." *Liss & Marion, P.C. v. Recordex Acquisition Corp.*, 983 A.2d 652, 661 (Pa. 2009) (quoting *In re Kennedy's Estate*, 183 A. 798, 802 (Pa. 1936)); *accord Wayne M. Chiurazzi Law Inc. v. MRO Corp*, 97 A.3d 275, 279 (2014). The doctrine applies only when payments are made due to a mistake of law, not a mistake of fact. *Liss & Marion*, 983 A.2d at 661; *Acme Markets, Inc. v. Valley View Shopping Ctr., Inc.*, 493 A.2d 736, 737 (Pa. Super. Ct. 1985).

Federal district courts in Pennsylvania have split on whether the voluntary payment doctrine applies to substantially identical circumstances as those presented in this case. *Compare Smith v. Radian Settlement Servs., Inc.*, 717 F. Supp. 3d 415, 420–21 (M.D. Pa. 2024) (applying voluntary payment doctrine), *with Brannon v. Abstract Assocs. of Lancaster, Inc.*, No. 23-cv-01627, 2024 WL

3871752, at *4 (M.D. Pa. Aug. 19, 2024) (declining to apply voluntary payment doctrine at motion-to-dismiss stage), *and Ortiz v. Keystone Premier Settlement Servs., LLC*, No. 3:23-cv-01509, 2024 WL 3522036, at *6–7 (M.D. Pa. July 23, 2024) (same), *and Seplow v. Closing Pro, Inc.*, 717 F. Supp. 3d 427, 435 (E.D. Pa. 2024) (same).

The different outcome in *Smith* versus *Brannon*, *Ortiz*, and *Seplow* stems from how each court characterized the plaintiff's mistake. The *Smith* court found that the plaintiff's unawareness about the legal cap on notarial fees was a mistake of law. 717 F. Supp. 3d at 421. The *Brannon*, *Ortiz*, and *Seplow* courts seem to have reached a different conclusion. In those three cases, the courts found the voluntary payment doctrine inapplicable because the plaintiffs "had no awareness of the unlawful nature of the notary services charge." *Brannon*, 2024 WL 3871752, at *4 (quoting *Seplow*, 717 F. Supp. 3d at 435); *accord Ortiz*, 2024 WL 3522036, at *6–7. Each of those courts, however, suggested the opposite outcome could be appropriate if discovery revealed that the plaintiffs had, in fact, known the charges were unlawful. *See Brannon*, 2024 WL 3871752, at *4, 5; *Ortiz*, 2024 WL 3522036, at *6, 7; *Seplow*, 717 F. Supp. 3d at 435. This reasoning suggest that the *Brannon*, *Ortiz*, and *Seplow* courts viewed the plaintiffs' mistakes as mistakes of fact.

This court is more persuaded by *Smith's* holding.  Under Pennsylvania law, a mistake of law is "a mistake as to the legal consequences of an assumed state of facts."  *In re Peterson Family Irrevocable Tr.*, 333 A.3d 453, 461 (Pa. Super. Ct. 2025) (quoting *Betta v. Smith*, 81 A.2d 538, 539 (Pa. 1951)).  Put differently, "[p]arties are found to have made a mistake of law where they are fully aware of all the operative facts but misunderstand the legal effect of those facts."  *L.W.C. v. S.S.*, No. 3096 EDA 2018, 2019 WL 4303038, at *1 (Pa. Super. Ct. Sept. 11, 2019); *accord Girard Tr. Co. v. Harrington*, 23 Pa. Super. 615, 621 (1903) ("What is meant by a mistake of law is the misapprehension of a principle of law, and the failure of the party to appreciate his rights under that principle.").

Gahagan's mistake falls squarely within Pennsylvania's definition of "mistake of law."  Gahagan's pleading reveals that she was fully aware of the *facts* surrounding her transaction with Defendants.  She knew what services Defendants were providing her.  (Doc. 31, ¶ 20.)  She knew precisely what Defendants were charging her.  (*Id.* ¶ 18.)  And, she paid the fee charged "without objection."  (*Id.* ¶ 33.)  What Gahagan was mistaken about was the limit that Pennsylvania law places on the fee charged for a notarial service.  That is a mistake of law.

To hold otherwise, this court would have to ignore the centuries-old principle that "ignorance of the law furnishes no excuse to any person, either civilly or criminally; and, consequently, a mistake in law cannot be relieved

7

against, either in equity or at law." *In re Peterson Family Irrevocable Tr.*, 333 A.3d at 460 (quoting *Good v. Herr*, 7 Watts & Serg. 253, 256 (Pa. 1844)). Indeed, "allow[ing] mistake or ignorance of the law to void actions taken by parties would subvert the effective administration of the law." *Acme Markets*, 493 A.2d at 737.

Gahagan's attempt to invoke the fraud exception to the voluntary payment doctrine is unavailing. She claims that Defendants "misrepresented" the lawfulness of the notary fees they were charging her. (Doc. 38, p. 14.) No such allegation appears in the amended complaint. There is no allegation, for instance, that Defendants misrepresented the legality of their fees, that they misrepresented the fees they were charging, or that they misrepresented what services they were providing. Instead, Gahagan alleges that Defendants misrepresented the legality of their fees by charging them in the first place, because she reasonably expected the fees to be "bona fide and proper." (*See id.* ¶¶ 26–31.) This is nothing more than an attempt to creatively plead around Gahagan's mistake of law. The court agrees with *Smith* that these factual circumstances do not trigger the fraud exception to the voluntary payment doctrine. 717 F. Supp. 3d at 421.

Finally, the court recognizes that the voluntary payment doctrine is an affirmative defense. *McLean v. Big Lots Inc.*, 542 F. Supp. 3d 343, 354 (W.D. Pa. 2021). As such, Gahagan argues that the court should not consider the voluntary payment doctrine at this stage of the case. (Doc. 38, p. 13.) The court disagrees.

8

The court may dismiss Gahagan's claims based on the voluntary payment doctrine "if th[at] affirmative defense is obvious from the face of the complaint." *McLean*, 542 F. Supp. 3d at 354; *accord Smith*, 717 F. Supp. 3d at 420.  Here, the application of the voluntary payment doctrine is obvious from the face of Gahagan's complaint.

## CONCLUSION

For the reasons stated herein, the court will grant Defendants' motion to dismiss.  The court will dismiss Gahagan's claims with prejudice, because she previously had the opportunity to amend her complaint and the court finds that further amendment would be futile.  An appropriate order will issue.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: December 16, 2025